UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER DAMONE DAVIS** | **CIVIL ACTION NO. 3:14-cv-2315** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Christopher Damone Davis, an inmate in the Ouachita Parish Corrections Center, filed the instant petition for writ of mandamus on July 15, 2014. Petitioner invokes the jurisdiction of this Court citing La. Code Civil Procedure Art. 3862; he claims that his motion to suppress was granted by Louisiana's Fourth Judicial District Court on April 25, 2014, but thereafter, the State filed a motion to reconsider. He asks the Court to "explain why a motion to reconsider sentence was filed and that he be given a complete copy of the Motion to reconsider decision..." along with "a complete copy of the ruling and / or order granting his motion to suppress..."  He also request "any and all objections and appeals filed by the State pertaining to his motion to suppress to be provided to him as soon as possible."

*Law and Analysis*

Petitioner is asking this Court to order Louisiana's Fourth Judicial District Court to provide him with copies of Court documents.  Petitioner is advised – federal courts may not interfere with the state courts' application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we

refuse to act as an arm of the [state court of appeals]...").

Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner seeks to invoke the federal *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff." (emphasis supplied) Neither the Fourth Judicial District Court nor the Ouachita Parish District Attorney nor the State of Louisiana are "officers or employees of the United States." Plaintiff is clearly not entitled to federal *mandamus* relief.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** the instant petition for writ of mandamus be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 22, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE